UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL MILLER-EL, *et al.*, | ) | CASE NO. 1:22 CV 686 |
| Plaintiffs, | ) ) | |
| | ) | JUDGE BRIDGET M. BRENNAN |
| v. | ) ) | |
| STATE OF OHIO, *et al.*, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

*Pro se* Plaintiff Michael Miller-El filed this action on behalf of himself and Nathaniel Taylor-El against the State of Ohio; "Cuyahoga Cleveland;" Cuyahoga County Common Pleas Court Judges David Matia, Michael Russo, and Brendan J. Sheehan; Cuyahoga County Prosecutor Michael O'Malley and Assistant Prosecutor Edward Brydle; Reeves Kelsey; Corporals Lawler and Bitterman; Ohio Governor Mike DeWine; and Ohio Secretary of State Frank LaRose. Plaintiff appears to challenge his extradition from Virginia and pending criminal prosecution in the Cuyahoga County Court of Common Pleas. He seeks $ 720,000,000.00 in damages.

As an initial matter, Miller-El cannot file an action on behalf of another individual unless he is an attorney licensed to practice in this Court. A party may plead and conduct his or her case in person or through a licensed attorney. *See* 28 U.S.C. § 1654; *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991). An adult litigant who wishes to proceed *pro se* must personally sign the Complaint to invoke this Court's jurisdiction. *See* 28 U.S.C. § 1654; *Steelman v. Thomas*, No. 87-6260, 1988 WL 54071 (6th Cir. May 26, 1988). None of the documents contain Nathaniel Taylor-El's signature and Miller-El is not a licensed attorney.

Taylor-El's claims are therefore not properly before this Court. This Court will consider only the claims of Miller-El.

I. **Background**

Plaintiff Michael Miller-El indicates he is a Moorish American citizen. His Complaint is composed largely of stream-of-consciousness statements, making it difficult to determine what his legal claims are and the factual basis upon which they rest. It appears that Plaintiff was indicted on June 20, 2019, by the Cuyahoga County Grand Jury on charges of intimidation of a public servant, retaliation against a public servant, and telecommunications harassment against Cuyahoga County Common Pleas Court Judge David T. Matia and his staff. *See State of Ohio v. Miller-El*, No. 1:22 CV 686 (Cuyahoga Cty Comm. Pl. Ct. indictment filed June 20, 2019). The trial court issued a warrant for his arrest on June 20, 2019. He was arrested in Roanoke, Virginia in July 2019 and was extradited to Ohio. The Cuyahoga County Common Pleas Court docket indicates the charges are still pending.

Plaintiff disputes the charges. He disputes that he was in Cleveland and fled to Roanoke to avoid arrest. He contends the Cuyahoga County Clerk of Courts refused to accept Moorish documents for filing. He states the Defendants would not answer the Writ Quo Warranto, Letter Rogatory or Affidavit of Truth he sent to them. He claims the Defendants knew he and his family were Moorish Americans and refused to give them anti-bribery statements, proof of claim, certificates of participation for inside trading, the 'cestui que trust account numbers" or their foreign agent registration. He alleges he did not receive a sworn complaint attached to his warrant. He contends that he is presenting this tort claim:

> with assessment for Damages, supported by unanswered
> Affidavits, Exhibits, and Writs, Letter Rogatory(s) in support of
> Tort Claim and Affidavit of Negative Averment. Said Tort is
> presented as a matter of right, arising out of Private Injuries and

2

> violations of commercial due process violations of law, violation of State and Federal Constitution, Statutes and Codes, in *McCulloch v. Maryland*, 1819, *Dred Scott v. Sanford*, 1857. Violation of Equal Protection of the law, fraud, treason, War Crimes, Genocide and Denationalization Deprivation of Rights title 42 U.S.C 1983, 16 Arn Jur., Sec 255.

(Doc. No. 1 at 4).

## II. Standard

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the

3

pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III. Analysis

As an initial matter, this Court cannot interfere with a criminal action pending in state court unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). When a person is the target of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir.1988). If the state Defendant files such a case, *Younger* abstention requires the federal court to defer to the state proceeding. *Id*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). Based on these principles, abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention unduly interferes with the legitimate activities of the state. *Younger*, 401 U.S. at 44.

All three factors supporting abstention are present. The criminal action against Plaintiff is still pending and this Court acknowledges that state court criminal matters are of paramount state interest. *See Younger*, 401 U.S. at 44-45. The third requirement of *Younger* is that Plaintiff must have an opportunity to assert his federal challenges in the state court proceeding. The pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the federal claims. *Moore v. Sims*, 442 U.S. 415, 430 (1979). The burden at this point rests on the Plaintiff to demonstrate that state procedural law bars presentation of his claims. *Pennzoil Co.*,

481 U.S. at 14. The federal court should assume that state procedures will afford an adequate remedy, in the absence of "unambiguous authority to the contrary." *Id.* at 15. Here, there has been no showing that Plaintiff has been unable to assert his defenses to the criminal charges in state court. The requirements of *Younger* are satisfied and this Court must abstain from interfering in any pending state court criminal action against the Plaintiff.

Furthermore, even if this case would not interfere with the pending criminal action, Plaintiff fails to state a claim upon which relief may be granted. He references 18 U.S.C §§ 41, 96, 201, 241, 242, 875, 1091, 1201, 1202, 2071, and 2076. These are all criminal statutes. Only the United States Attorney can initiate criminal charges in federal court. 28 U.S.C. § 547; Fed. R. Crim. P. 7(c). Moreover, these criminal statutes do not provide a private right of action in a civil case. *Booth v. Henson*, No. 06-1738, 2008 WL 4093498, at *1 (6th Cir. Sept. 5, 2008); *U.S. v. Oguaju*, No. 02-2485, 2003 WL 21580657, *2 (6th Cir. July 9, 2003); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir.1994). He also references 42 U.S.C §§ 1985, and 1986. To establish a violation of § 1985, Plaintiff must allege that the Defendants conspired together for the purpose of depriving him of the equal protection of the laws and committed an act in furtherance of the conspiracy which was motivated by racial animus. *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999). Plaintiff's Complaint, however, is largely devoid of factual allegations. There are no facts suggesting any of the Defendants conspired to deprive Plaintiff of his civil rights based on his race. Because plaintiff has failed to state a claim under § 1985, his claims for relief under § 1986 must also be dismissed as § 1986 imposes liability on those individuals who have knowledge of any of the wrongs prohibited by § 1985 yet fail to prevent them. Without a violation of § 1985, there can be no violation of § 1986.

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is

granted and this action is dismissed pursuant to 28 U.S.C. § 1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    **IT IS SO ORDERED.**

Date: August 2, 2022

                                        BRIDGET M. BRENNAN
                                        UNITED STATES DISTRICT JUDGE